**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| JOSEPH GIOVANNIELLO<br><br>Plaintiff,<br>vs.<br><br>MITCHELL CHATMAN, and MAGNUM FREIGHT, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:25-cv-05105 |

**DEFENDANT MAGNUM FREIGHT, INC. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION**

COMES NOW, Defendant, MAGNUM FREIGHT, INC., by and through its attorneys, Lawrence S. Hall and Matthew E. Kouri, and for its Answer and Affirmative Defenses to Plaintiff's Petition, states as follows:

**GENERAL FACTS APPLICABLE TO ALL COUNTS**

1. Defendant Magnum Freight is without sufficient knowledge to admit or deny the allegations contained in paragraph 1; therefore, Defendant Magnum Freight denies the same.

2. Defendant Magnum Freight admits the allegations contained in paragraph 2.

3. Defendant Magnum Freight is without sufficient knowledge to admit or deny the allegations contained in paragraph 3; therefore, Defendant Magnum Freight denies the same.

4. Paragraph 4 only contains legal conclusions, and therefore, no answer is required. To the extent an answer is required, Defendant Magnum Freight denies the allegations contained in paragraph 4.

**COUNT I – NEGLIGENCE**
**(Defendant Mitchell Chatman)**

5. Defendant Magnum Freight incorporates, as if fully set forth herein, each and every answer, denial, and/or response in all preceding paragraphs.

6. Defendant Magnum Freight admits that on January 8, 2025, there was a tractor-trailer stopped on Interstate 49 northbound, at approximately mile 21.2, in Newton County, Missouri. Defendant Magnum Freight denies the remaining allegations contained in paragraph 6.

7. Defendant Magnum Freight denies the allegations contained in paragraph 7.

8. Defendant Magnum Freight denies the allegations contained in paragraph 8.

9. Defendant Magnum Freight admits that all motorists have a duty to exercise the highest degree of care that a careful and prudent person would use under the same or similar circumstances. Defendant Magnum Freight denies the remaining allegations contained in paragraph 9.

10. Defendant Magnum Freight denies the allegations contained in paragraph 10, including subparagraphs (a) through (h).

11. Defendant Magnum Freight denies the allegations contained in paragraph 11.

12. Defendant Magnum Freight denies the allegations contained in paragraph 12.

WHEREFORE, Defendant Magnum Freight denies Plaintiff is entitled to an award of any kind, and prays this Court dismiss this action, award Defendant Magnum Freight costs of this action and for such further relief as the Court may deem just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY OF 12 ON ALL COUNTS.**

**COUNT II – VICARIOUS LIABILITY/RESPONDEAT SUPERIOR AGAINST**
**(Defendant Magnum Freight, Inc.)**

13. Defendant Magnum Freight incorporates, as if fully set forth herein, each and every answer, denial, and/or response in all preceding paragraphs.

14. Defendant Magnum Freight admits that it owned the tractor and trailer driven by Defendant Chatman. Defendant Magnum Freight denies that the remaining allegations contained in paragraph 14.

15. Defendant Magnum Freight denies the allegations contained in paragraph 15.

16. Defendant Magnum Freight denies the allegations contained in paragraph 16.

17. Defendant Magnum Freight denies the allegations contained in paragraph 17.

WHEREFORE, Defendant Magnum Freight denies Plaintiff is entitled to an award of any kind, and prays this Court dismiss this action, award Defendant Magnum Freight costs of this action and for such further relief as the Court may deem just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY OF 12 ON ALL COUNTS.**

**DEFENDANT MAGNUM FREIGHT'S AFFIRMATIVE DEFENSES**

For further answer, and as affirmative defenses to Plaintiff's Petition, Defendant Magnum Freight states as follows:

1. If Plaintiff receives full or partial satisfaction of any claim through settlement or judgment in any lawsuit or otherwise, then, while continuing to deny liability, Defendant Magnum Freight is entitled to liability protection to the full extent permitted by MO. REV. STAT. § 537.060, or other statutory or common law.

2. For further answer, and as an affirmative defense, Defendant Magnum Freight states Plaintiff's injuries, if any, were solely caused by his own fault and negligence in that he:

a. Improperly stopped the vehicle on Interstate 49 when there was no emergency to do so in violation of RSMo. § 300.445 and it was practicable to park the vehicle off the roadway;
b. Failed to park the vehicle in a safe place, thereby causing a hazard on the roadway;
c. Failed to reasonably distance himself and the vehicle from the roadway to ensure his own safety;
d. Failed to utilize/place flares or other warning devices in violation of 49 CFR § 392.22;
e. Failed to make preparations and/or plan his route in order to avoid parking on Interstate 49; and
f. Otherwise failed to use the highest degree of care.



Case 3:25-cv-05105-MDH Document 3 Filed 12/12/25 Page 3 of 6

Therefore, Plaintiff's claims are barred in whole because whatever injuries and damages Plaintiff may have suffered, if any, said injuries and damages were caused in whole by the negligence and fault of Plaintiff. Therefore, any recovery should be reduced in proportion to Plaintiff's negligence and fault.

3. For further answer, and as an affirmative defense, Defendant Magnum Freight states any damages recoverable by Plaintiff, if any, should be reduced by the amount of any collateral source benefits paid, payable, or available to Plaintiff. Further, Defendant Magnum Freight is entitled to a set-off for all available medical payments and other benefits afforded Plaintiff from medical providers because Plaintiff has not incurred expenses, obligations, or liability in obtaining the medical payments or other benefits. Alternatively, any damages based on medical payments or other benefits afforded Plaintiff must be limited to the dollar amount necessary to satisfy the financial obligation to the medical provider, pursuant to MO. REV. STAT. § 490.715.

4. For further answer, and as an affirmative Defense, Plaintiff did not utilize his available health insurance coverage for medical treatment for his alleged injuries and, therefore, failed to mitigate his damages. Specifically, Plaintiff failed to take reasonable efforts to minimize the cost of his medical treatment and had a reasonable opportunity to mitigate such damage by providing his available health insurance coverage to the medical providers that treated him for his alleged injuries. *Bedford v. Audrain County Motor Company, Inc*., 631 S.W.3d 663, 674 (Mo. App. E.D. 2021).

5. For further answer, and as an affirmative defense, Defendant Magnum Freight states Plaintiff failed to mitigate his damages by failing to attend numerous medical treatment appointments, as recommended by Plaintiff's medical treatment providers.

6. For further answer, and as an affirmative defense, Defendant Magnum Freight states he reserves the right to rely upon other such affirmative defenses as become available or apparent during the course of discovery and reserves the right to amend its Answer and Affirmative Defenses to assert those defenses.

WHEREFORE, Defendant Magnum Freight having fully answered Plaintiff's Petition, respectfully requests this Court dismiss Plaintiff's Petition directed against it with prejudice, for its costs incurred herein, and for such other and further relief this Court deems just and proper under the circumstances.

**DEFENDANT DEMANDS TRIAL BY JURY OF 12 ON ALL COUNTS.**

MAGNUM FREIGHT INC., Defendant

BY: */s/ Lawrence S. Hall*
THE CHARTWELL LAW OFFICES, LLP
Lawrence S. Hall, #63852
Matthew E. Kouri, #74385

THE CHARTWELL LAW OFFICES, LLP
500 N. Broadway
Suite 1850
St. Louis, Missouri 63102
Telephone 314.350.2640
PRIMARY E-MAIL: eservicestlouis@chartwelllaw.com
Secondary E-Service: lshall@chartwelllaw.com
Secondary E-Service: mkouri@chartwelllaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been electronically served through the CM/ECF System, which sent notification of such filing to all counsel of record on December 12, 2025.

/s/ Katie N. Knipp

THE CHARTWELL LAW OFFICES, LLP
500 N. Broadway
Suite 1850
St. Louis, Missouri 63102
Telephone 314.350.2640
PRIMARY E-MAIL: eservicestlouis@chartwelllaw.com
Secondary E-Service: lshall@chartwelllaw.com
Secondary E-Service: mkouri@chartwelllaw.com